```
             IN THE UNITED STATES DISTRICT COURT
                WESTERN DISTRICT OF ARKANSAS
                      FORT SMITH DIVISION

PORTFOLIO RECOVERY ASSOCIATES, LLC                    PLAINTIFF

        v.             Civil No. 10-2071

WILLIAM G. BORN                                       DEFENDANT

WILLIAM G. BORN                                COUNTER-PLAINTIFF

        v.

PORTFOLIO RECOVERY ASSOCIATES, LLC,
and BYRON S. SOUTHERN, P.A.,
Individually and d/b/a SOUTHERN,
ALLEN & WITHROW; HENRY "GUS" ALLEN,
ATTORNEY, P.A., Individually and
d/b/a SOUTHERN, ALLEN & WITHROW;
LORI E. WITHROW, PLLC, Individually
and d/b/a SOUTHERN, ALLEN & WITHROW;
and TEAVEN STAMATIS                           COUNTER-DEFENDANTS
```

# O R D E R

Now on this 23rd day of July, 2010, the captioned matter comes on *sua sponte*, for consideration of the Court's subject matter jurisdiction.

1.   This case arose in the District Court of Johnson County, Arkansas, as a Complaint alleging that defendant William G. Born ("Born") owed plaintiff Portfolio Recovery Associates, LLC ("Portfolio") $1,168.44 for purchases made on a credit card account which had been assigned to Portfolio (the "Johnson County Case").

2.   Born filed a Counterclaim and Third-Party Complaint in the Johnson County Case, asserting causes of action arising under

**15 U.S.C. § 1962 et seq.**, the Fair Debt Collection Practices Act ("FDCPA").  He then removed the case to this Court, relying entirely on the causes of action asserted in his Counterclaim and Third-Party Complaint.  Born admits in his Notice Of Removal that "[p]laintiff asserted only state claims against Defendant;  no basis for removal existed in the original case until Defendant/Counter-Plaintiff asserted his federal claims against the parties adverse to him."

    3.   This removal was in error.  A case is removable if it is one "brought in a State court of which the district courts of the United States have original jurisdiction."  **28 U.S.C. § 1441(a)**.  As explained in **Gore v. Trans World Airlines**, 210 F.3d 944 (8th Cir. 2000),

> [a] defendant may remove a state court claim to federal court only if the claim originally could have been filed in federal court, and the well-pleaded complaint rule provides that a federal question must be presented on the face of the properly pleaded complaint to invoke federal court jurisdiction.  A defendant is not permitted to inject a federal question into an otherwise state-law claim and thereby transform the action into one arising under federal law.

**210 F.3d at 948** (internal citation omitted).[1]

It matters not how a defendant attempts to inject the federal question: "separate and independent claims or causes of action brought into a case by way of counterclaim, cross-claim or third-

---

[1] There is a narrow exception to this doctrine, where federal law completely preempts state law, but the FDCPA does not fit the exception.  Its exemptions are only partial.  15 U.S.C. § 1692n.

party complaint or intervention do not justify removal." **Sexton v. Allday**, 221 F.Supp. 169, 170-71 (8th Cir. 1963).

`4. Here, there was no federal question in the Complaint, with the result that this Court lacks subject-matter jurisdiction over the removed case. Pursuant to **28 U.S.C. § 1447**, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

**IT IS THEREFORE ORDERED** that this case is **remanded** to the District Court of Johnson County, Arkansas.

**IT IS SO ORDERED.**

    /s/ Jimm Larry Hendren
**JIMM LARRY HENDREN**
**UNITED STATES DISTRICT JUDGE**